# Shamokin Borough *v.* Shamokin and Mt. Carmel Electric Railway Company, Appellant.

*Street railways—Municipalities—Paving.*

Where a street railway company is under contract to pave the full width of a street where sidings are maintained, whenever the borough paves the rest of the street, the street railway company may remove the siding before such paving is begun; and if in good faith it gives notice to the borough prior to the ordinance, authorizing the paving, of its intention to remove the siding, and further notifies the borough three months before the latter incurs any liability that the siding will be removed as soon as frost is out of the ground, and the siding is actually removed, the company cannot be held liable for paving the full width of the street at the point where the siding was located.

Argued May 25, 1903. Appeal, No. 165, Jan. T., 1902, by defendant, from judgment of C. P. Northumberland Co., Dec. T., 1901, No. 82, on verdict for plaintiff in case of Shamokin Borough v. Shamokin and Mount Carmel Electric Railway Company. Before MITCHELL, DEAN, FELL, BROWN and POTTER, JJ. Affirmed with modification.

Assumpsit to recover the cost of paving a street. Before SAVIDGE P. J.

The facts are stated in the opinion of the Supreme Court.

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff for $4,941. Defendant appealed.

*Error assigned* was in giving binding instructions for plaintiff.

*S. P. Wolverton*, with him *S. P. Wolverton, Jr.*, for appellant, cited: Pottsville Borough v. People's Ry. Co., 148 Pa. 175; Willis v. Erie City Pass. Ry. Co., 188 Pa. 56.

*W. H. M. Oram* and *W. H. Unger*, for appellee, cited: Norristown v. Norristown Pass. Ry. Co., 148 Pa. 87; Shamokin Borough v. Shamokin St. Ry. Co., 178 Pa. 128.

OPINION BY MR. JUSTICE FELL, July 9, 1903:

The defendant company was authorized by ordinance of

March 2, 1893, to construct a single track railway with necessary sidings on certain streets in the borough of Shamokin. In pursuance of this ordinance, it laid a single track on one side of Sunbury street, and a siding 400 feet long on the other side. The intention of the company was to use this siding in connection with a branch road which was never built, and the siding was not used except occasionally for the storage of cars. The road was constructed in advance of street improvements, and the ordinance imposed on the company the duty to pave the parts of the streets on which its tracks were laid, and to pave the whole width of the streets from curb to curb where sidings were laid, when the borough should pave the other parts of the streets. It was further provided by the ordinance that if the company failed after notice to pave the streets, the work might be done by the borough, and the cost thereof with a penalty of twenty per cent might be recovered from the company. This action was to recover the cost of paving the whole of that part of Sunbury street where the siding had been placed. The company admitted its liability for the cost of paving the part of the street on which its track was laid, but denied the right of the borough to recover the whole cost of the pavement, on the ground that it had given notice to the borough of its intention to remove the siding, before the ordinance authorizing the paving was approved. A verdict was directed for the plaintiff for the whole cost.

The facts were not in dispute. In June, 1898, the company requested the borough to consent to the removal of the siding, and to the placing of its main track on the center line of the street, or if this was thought objectionable, to consent to the removal of a part of the siding. Notice was given at the same time that if both requests were refused, the company would remove the siding. This request was peremptorily refused by the borough in August of the same year. In November, 1898, the council was asked to appoint a committee to confer with a committee of the company on this subject. This request was refused. Later in the same year a committee of the company appeared before the council in regard to taking up the siding. The council refused its consent, and declined to accede to any proposition presented. An ordinance to authorize the paving of the street was presented to the council on

January 3, 1899, passed third reading on February 7, and was approved by the burgess on February 20. On February 13 a written notice was given by the company to the burgess and council that it had determined to remove the siding, which was unnecessary for its operations and a needless incumbrance on the street, and that it proposed to remove the same as soon as the frost was out of the ground, and in any event would remove it before the grading and paving should begin. The borough invited bids for the work on April 20, and entered into a contract with a paving company for the paving of the street on May 31, 1899. Soon afterwards the company began to remove the siding, when it was enjoined on the application of the borough. The preliminary injunction was dissolved on September 12, 1899, and the siding was then taken up. The right of the company to remove was finally determined on appeal to this court on May 23, 1900. See Shamokin Borough v. Shamokin, etc., Electric Railway Co., 196 Pa. 166.

The learned trial judge states in his charge that there was nothing in the testimony that indicated that the notice of an intention to remove the siding was not given in good faith and for the reason that the siding was unnecessary for the operation of the railway, and that the delay in removing it until the work of excavation for the paving had begun was a prudent measure, because it served the public convenience by avoiding the tearing up of the street twice, as well as the company's interest, since it could more easily be removed at that time. He concluded, however, that the notice of February 13, 1899, was too late to relieve the company of its liability to pay for the paving from curb to curb of that part of the street on which the siding was located.

This conclusion would be warranted if the borough had paved in reliance on the conduct of the company. But it did not. The council relied on the belief that as matter of law it could prevent the removal of the siding, and thus for all time place the cost of street improvements on the company. In this it was mistaken. It had notice nearly two years before of the company's intention to remove the siding, and had distinct notice before the approval of the ordinance, and three months before it incurred any liability of the company's determination to remove it as soon as the frost was out of the ground. It

may be assumed that the purpose of the company in removing a useless siding was to free itself from the cost of paving in the future. It is certainly clear that the purpose of the council was to keep the siding in place until the time of paving arrived. Each party stood in its supposed legal right, one seeking to avoid and the other to impose the cost of a future street improvement. The company's liability to pave the full width of the street was conditional only. It related to the parts of the streets on which sidings were laid, and arose only when the borough should pave the rest of the street. The fact that a siding had once been placed on the street, would not make the company liable forever. If it became necessary to relocate the siding, the company would be liable for the paving of the new location and relieved as to the old one. If as in this case it was found unnecessary, its removal would relieve the company from all liability. The obligation was in effect to pave the full width where sidings were maintained.

It was admitted at the trial that the company was liable for the cost of paving the part of the street occupied by its single track, and that this amount with interest to the trial was $1,220.21. Since an order reversing the judgment with a new venire would cause the delay and expense of another trial to recover an amount admitted to be due, we now direct that the judgment appealed from be reduced from $4,149 to $1,220.20, with interest from the date of the verdict. With this modification the judgment is affirmed.